**<u>Exhibit A</u>**

Bid Procedures

# BIDDING PROCEDURES[1]

Set forth below are the bidding procedures (the "Bidding Procedures") to be used with respect to the sales or dispositions (the "Sale", and each a "Sale") of the real property located at 90 Nassau Street, New York, NY 10013 (the "Nassau Property").

Additional information regarding the Nassau Property can be obtained by contacting Debtor's counsel: Goldberg Weprin Finkel Goldstein LLP, 125 Park Ave., 12th Fl., New York, New York 10017, Attn: Kevin Nash (knash@gwfglaw.com).

## I.  Property for Sale

The Sale of the Nassau Property shall be on an "as is, where is" basis, without any conditions by Order of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") pursuant to sections 363(b) and (f) and 365 of title 11 of the United States Code (the "Bankruptcy Code"), and applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Sale will be conducted in accordance with these Bidding Procedures as approved.  The Sale shall be subject to existing leases, which shall be assumed and assigned as part of the Sale.

## II.  Key Dates and Deadlines

| Sale Process Key Dates and Deadlines | |
|---|---|
| **June 16, 2025 at 5:00 p.m. (ET)** | Bid Deadline |
| **June 18, 2025 at 3:00 p.m. (ET)** | Auction |
| **June 20, 2025** | Deadline to File Cure Costs/Assignment and Sale Objections |
| **June 25, 2025 at 4:00 p.m. (ET)** | Hearing to approve Sale, including confirmation of a liquidating plan approving the Sale on an "as is, where is" basis free and clear of all claims, liens and interests but subject to all existing leases |
| **Approximately Two Weeks After Bankruptcy Court Approval of the Sale or Confirmation of the Debtors' Plan** | Closing Date |

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the *Nassau Debtor's Motion Seeking Entry of an Order Under Bankruptcy Code Sections 363(b) and (f) and Bankruptcy Rules 2002 and 6004: (I) Authorizing the Sale of the Debtor's Real Property at 90 Nassau Street, New York, NY to the Highest and Best Bidder at a Public Auction Sale to be Held on June 18, 2025 at 3:00 p.m.; and Approving Related Bid Procedures* (the "Motion") [ECF No. 35].

III. **Determination by the Nassau Debtor**

Throughout the Bidding Process, the Nassau Debtor will consult with Ladder CRE Finance REIT Inc (the "Lender," and in its capacity as a consultation party, the "Consultation Party") and they shall (a) coordinate the efforts of Potential Bidders in conducting their respective due diligence, (b) evaluate bids from Potential Bidders on the Nassau Property, (c) negotiate any bid made to acquire the Nassau Property, and (d) make such other determinations, including selection of the Successful Bid, as are provided in these Bidding Procedures (collectively, the "Bidding Process"). Notwithstanding the foregoing, if the Lender submits a bid with respect to the Nassau Property, it will no longer be, or receive information as, a Consultation Party and shall only receive the same diligence, information, and notice as all other Qualified Bidders, unless and until such party unequivocally revokes its bid and waives its right to continue in the Auction process.

To the extent the Bidding Procedures require the Nassau Debtor to consult with the Consultation Party in connection with making a determination or taking an action, or in connection with any other matter related to the Bidding Procedures or the Auction, the Nassau Debtor will do so in a prompt and timely manner prior to making such determination or taking such action.

IV. **Due Diligence**

The Sale of the Nassau Property shall be without any conditions or contingencies.

Up to and including to the Bid Deadline (such period, the "Diligence Period"), the Nassau Debtor shall afford any Potential Bidder, and the Consultation Party, such available due diligence access or additional information as may be reasonably requested by the Potential Bidder or Consultation Party, as applicable, that the Nassau Debtor, in its business judgment, determines to be reasonable and appropriate under the circumstances, including without limitation, up to date rent rolls (assuming such information currently exists) and providing for access to site inspections of the Nassau Property.

V. **Bid Deadline**

A Potential Bidder that desires to make a Bid on the Nassau Property shall deliver copies of its Bid, in Microsoft Word format, by email to counsel to the Nassau Debtor by no later than **June 16, 2025 at 5:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline").

The Nassau Debtor, in turn, shall provide copies of all Bid materials to the Consultation Party other than with respect to materials covering the sale of the Nassau Property for which the Consultation Party has submitted a Bid or has a Bid submitted on its behalf, for so long as such Bid remains unrevoked.

VI. **Bid Requirements**

All bids (each hereinafter, a "Bid") with respect to the Sale of the Nassau Property (collectively, the "Bid Requirements") must be accompanied by a letter or email:

(a)     disclosing the identity of the person or entity submitting the Bid, as well as any

party participating in or otherwise supporting the Bid, and the terms of any such participation or support (including any equity holder or other financial backer if the Potential Bidder is an entity formed for the purpose of consummating the proposed transaction contemplated by the Bid);

(b) stating with specificity the liabilities and obligations to be assumed by the Potential Bidder;

(c) accompanied by a duly executed purchase agreement (the "Purchase Agreement") to be provided by the Nassau Debtor;

(d) providing for a Closing Date that is consistent with the schedule contemplated herein;

(e) confirming that such Bid is not subject to any due diligence or financing contingency or any other conditions;

(f) including evidence, in form and substance reasonably satisfactory to the Nassau Debtor, of authorization and approval from the Qualified Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery, and closing of the transactions contemplated by the Purchase Agreement;

(g) offering to pay an amount that the Nassau Debtor determines, after consultation with the Consultation Party, constitutes a fair and adequate price for the Nassau Property, the acceptance of which would be in the best interests of the estate (provided, that no portion of the purchase price shall include non-cash consideration without the prior written consent of the Consultation Party);

(h) providing adequate assurance of future performance information (the "Adequate Assurance Information"), and all such information subject to appropriate confidentiality, including (i) information about the Potential Bidder's financial condition, such as federal tax returns for two years, a current financial statement, or bank account statements, and (ii) information demonstrating (in the Nassau Debtor's reasonable business judgment in consultation with the Consultation Party) that the Potential Bidder has the financial capacity to consummate the proposed Sale;

(i) be accompanied by a deposit in cash in the form of a certified check or wire transfer, payable to the order of the Nassau Debtor, in the amount of ten percent (10%) of the Bid, which funds will be deposited into an attorney IOLA account maintained by the Nassau Debtor's counsel (a "Good Faith Deposit"), which shall be augmented as applicable so that the Good Faith Deposit equals ten percent (10%) of the Successful Bid, plus other evidence of the Potential Bidder's ability to timely close the transaction, including financing commitments and/or proof of funds to be evaluated by the Nassau Debtor, in consultation with the Consultation Party.

The Nassau Debtor, in consultation with the Consultation Party, will review each Bid

received from a Potential Bidder to determine whether it meets the requirements set forth above. A Bid received from a Potential Bidder that meets the above requirements, and is otherwise satisfactory to the Nassau Debtor, will be considered a "Qualified Bid" and each Potential Bidder that submits a Qualified Bid will be considered a "Qualified Bidder." For the avoidance of doubt, the Lender will be deemed a Qualified Bidder for all purposes and requirements pursuant to the Bidding Procedures.

A Qualified Bid will be valued by the Nassau Debtor based upon any and all factors that the Nassau Debtor, in consultation with the Consultation Party, reasonably deems pertinent in the Nassau Debtor's reasonable business judgment, including, among others, (a) the amount of the Qualified Bid, (b) the risks and timing associated with consummating the transaction(s) with the Qualified Bidder, (c) any excluded assets or executory contracts and leases, and (d) any other factors that the Nassau Debtor (in consultation with the Consultation Party) may reasonably deem relevant.

The Nassau Debtor, in its business judgment, and in consultation with the Consultation Party, reserves the right to reject any Bid.

Any Bid rejected pursuant to this paragraph shall not be deemed to be a Qualified Bid. If any Bid is so rejected, the Nassau Debtor shall cause the Good Faith Deposit of such Potential Bidder to be refunded to it within five (5) business days after the Bid Deadline.

Notwithstanding anything herein to the contrary, without any further action of any kind: (a) the Lender is, and will be deemed to be, a Qualified Bidder with credit bid rights for all purposes under and in connection with these Bidding Procedures and may credit bid all or any portion of the outstanding debt owed in connection with the Nassau Property up and through the Auction in accordance with 11 U.S.C. § 363(k); (b) any credit bid made by the Lender is, and will be deemed to be, a Qualified Bid in each instance and for all purposes under and in connection with the Bidding Procedures and will be deemed to be, and will be evaluated by the Nassau Debtor as a cash Qualified Bid (including, without limitation, Section VII (Incremental Overbid)); and (c) subject to the proviso at the end of this sentence, the Lender is not or will not be subject to the following clauses (e), (h), and (i) of the "Bid Requirements" set forth in this Section VI. Additionally, for the avoidance of doubt, the Lender may engage in discussions with and provide financing to, any Potential Bidders with respect to such Bids.

## VII.    **Auction Procedures**

Auction Time and Location. If the Nassau Debtor receives more than one Qualified Bid for the Nassau Property, the Nassau Debtor will conduct an auction for the Nassau Property (the "Auction") on **June 18, 2025 at 3:00 p.m. (prevailing Eastern Time)** at the offices of counsel to the Nassau Debtor, Goldberg Weprin Finkel Goldstein LLP, 125 Park Avenue, 12th Floor, New York, NY 10017 (or such later time or such other place as the Nassau Debtor shall designate and notify to all Qualified Bidders who have submitted Qualified Bids) for consideration of the Qualified Bids, each as may be increased at the Auction.

If the Nassau Debtor only receives one Qualified Bid for the Nassau Property, then (a) the Nassau Debtor shall not hold an Auction with respect to the Nassau Property; (b) the sole Qualified

Bid will be deemed the Successful Bid with respect to the Nassau Property; and (c) that Qualified Bidder will be named the Successful Bidder with respect to the Nassau Property.

Participants and Attendees.  Unless otherwise ordered by the Bankruptcy Court for cause shown, only the Qualified Bidders are eligible to participate at the Auction.

Each Qualified Bidder participating in the Auction will be required to confirm in writing and on the record at the Auction that (i) it has not engaged in any collusion with respect to the Auction or the submission of any bid for the Nassau Property and (ii) its Qualified Bid that gained the Qualified Bidder admission to participate in the Auction and each Qualified Bid submitted by the Qualified Bidder at the Auction is a binding, good-faith and *bona fide* offer to purchase the Nassau Property.

Starting Bids.  Prior to the commencement of the Auction, the Nassau Debtor will determine, in its business judgment and after consultation with the Consultation Party, the highest and otherwise best Qualified Bid submitted for the Nassau Property (each such Qualified Bid, a "Starting Bid"), which determination will be communicated to Qualified Bidders prior to the commencement of the Auction.

Incremental Overbids.  Bidding at the Auction for the Nassau Property will begin with the Starting Bid and continue, in one or more rounds of bidding, so long as during each round at least one subsequent bid (a "Subsequent Bid") is submitted by a Qualified Bidder that (i) improves on such Qualified Bidder's immediately prior Qualified Bid and (ii) the Nassau Debtor, in consultation with the Consultation Party, determines that such Subsequent Bid is (A) for the first round, a higher and otherwise better offer than the Starting Bid, and (B) for subsequent rounds, a higher and otherwise better offer than the immediately prior Leading Bid (as defined below).

The Nassau Debtor will announce at the outset of the Auction the minimum required increments for Successive Bids (each, such bid, a "Incremental Overbid").  The Nassau Debtor may, in its discretion, announce increases or reductions to Incremental Overbids at any time during the Auction.

Upon a Qualified Bidder's declaration of a Bid at the Auction, the Qualified Bidder must state on the record its commitment to pay within one (1) business day following the Auction, if such bid were to be selected as the Successful Bid, the incremental amount of the Qualified Bidder's Good Faith Deposit calculated based on the total purchase price of such Bid (such Good Faith Deposit so increased, the "Incremental Deposit Amount") if applicable.

Leading Bid.  After the first round of bidding and between each subsequent round of bidding, the Nassau h Debtor will announce the Bid that they believe to be the highest and otherwise best offer for the Nassau Property (each such bid, a "Leading Bid") and describe the material terms thereof. Each round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit a Subsequent Bid with full knowledge of the material terms of the Leading Bid, subject to the Nassau Debtor's authority, in consultation with the Consultation Party, to revise the Auction procedures to the extent permitted by the Bidding Procedures.

Evaluation of Bids. The Nassau Debtor, in consultation with the Consultation Party, shall have the right to determine, in its business judgment, which Bid is the highest and otherwise best Bid with respect to the Nassau Property and may consider any and all relevant factors including (a) the amount and nature of the total consideration, (b) the likelihood of the Qualified Bidder's ability to close a transaction and the timing thereof, (c) the tax consequences of such Bid, (d) and any other considerations that may impact the Nassau Debtor's estate and its stakeholders.

Successful Bids and Next-Highest Bids. Immediately prior to the conclusion of the Auction, the Nassau Debtor will (a) determine, consistent with these Bidding Procedures, which Qualified Bid constitutes the highest and otherwise best Bid for the Nassau Property (such Bid, the "Successful Bid" and such bidder, the "Successful Bidder") and (b) designate the Next-Highest Bid. As a condition to remaining the Successful Bidder, the Successful Bidder shall, within one (1) business day after the conclusion of the Auction, (i) if applicable, wire to the Nassau Debtor in immediately available funds the Incremental Deposit Amount, calculated based on the purchase price in the Successful Bid(s) and (ii) submit to the Nassau Debtor fully executed documentation memorializing the terms of the Successful Bid.

As soon as practicable following conclusion of the Auction, the Nassau Debtor shall file a notice on the Bankruptcy Court's docket identifying the Successful Bidder for the Nassau Property. Notwithstanding the selection of the Successful Bidder all bids are **binding and irrevocable** until the later of (i) the Closing Date, or (ii) ninety (90) days after the Sale Hearing.

## VIII. **Acceptances of Qualified Bids**

The Nassau Debtor's presentation to the Bankruptcy Court for approval of a selected Qualified Bid as a Successful Bid does not constitute the Nassau Debtor's acceptance of such Bid. The Nassau Debtor will have accepted a Successful Bid only when such Successful Bid has been approved by the Bankruptcy Court at the Sale Hearing. The Nassau Debtor intends to close the Sale for the Nassau Property within two weeks of Bankruptcy Court approval of the Sale or confirmation of a plan of reorganization, projected to be on or before **June 30, 2025** (the "Closing Date").

## IX. **Sale Hearing**

The Successful Bid will be subject to approval by the Bankruptcy Court. The hearing to approve a Successful Bid with respect to the Nassau Property, which may be in conjunction with a hearing to consider confirmation of the Nassau Debtor's and its affiliates' joint liquidating plan of reorganization, shall take place on **June 25, 2025 at 4:00 p.m. (prevailing Eastern Time)** (the "Sale Hearing").

Nothing herein or contemplated hereby constitutes, or will be deemed to constitute or otherwise result in, the consent or approval of the Lender to any Sale, any Sale Order or any Bid, or to any agreement or motion or other pleading relating thereto, or the waiver or modification of any of the terms of, or any rights under, any existing agreement, instrument or document, or any default arising thereunder or relating thereto. Any and all rights of the Lender to object or otherwise oppose any Sale, Sale Order or Bid, or any agreement or pleading related thereto are hereby expressly preserved and reserved.

X.    **Return of Good Faith Deposit**

The Good Faith Deposits of all Potential Bidders shall be held in escrow by counsel to the Nassau Debtor but shall not become property of the Nassau Debtor's estate absent further order of the Bankruptcy Court. The Good Faith Deposits of all Potential Bidders shall be retained by the Nassau Debtor, notwithstanding Bankruptcy Court approval of the Sale, until three (3) business days after the earlier of (a) the Closing Date, or (b) ten (10) days following the Sale Hearing. The Nassau Debtor shall retain any Good Faith Deposit submitted by the Successful Bidder. At the closing of a Sale contemplated by a Successful Bid, the Successful Bidder will be entitled to a credit for the amount of its Good Faith Deposit to the extent such a deposit was provided.

If a Successful Bidder fails to consummate the Sale because of a breach or failure to perform on the part of such bidder, then the Nassau Debtor and its estate shall be entitled to retain the Good Faith Deposit of such Successful Bidder (as part of the damages resulting to the Nassau Debtor and its estate for such breach or failure to perform.

XI.    **Reservation of Rights and Modifications**

Notwithstanding any of the foregoing, the Nassau Debtor and its estate, in consultation with the Consultation Party, and in the exercise of their fiduciary obligations, reserve the right to modify these Bidding Procedures or impose, at or prior to the Auction, additional customary terms and conditions on the sale of the Nassau Property in any manner that is not inconsistent with the order approving these Bidding Procedures and that will best promote the goals of the bidding process, including, without limitation, modify bidding increments, waive terms and conditions set forth herein with respect to any or all Potential Bidders (including, without limitation, the Bid Requirements), or impose additional terms and conditions with respect to any or all potential bidders.

*[The remainder of this page is intentionally left blank]*