UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| ZRG, Inc., | Case No. 25-40464-NHL |
| 90 Nassau Street LLC, | Case No. 25-41126-NHL |
| 385 Greenwich Street LLC, | Case No. 25-41127-NHL |
| Debtors. | Jointly Administered |

-----------------------------------------------------------------x

## ORDER AUTHORIZING AND APPROVING (I) PURCHASE AGREEMENT AMONG NASSAU DEBTOR AND BERNART CAPITAL LLC, AND (II) THE SALE OF THE NASSAU DEBTOR'S REAL PROPERTY LOCATED AT 90 NASSAU STREET, NEW YORK, NY WITH ASSUMPTION AND ASSIGNMENT OF EXISTING LEASES AND OTHERWISE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND NON-PERMITTED ENCUMBRANCES

Upon the *Nassau Debtor's Motion Seeking Entry of an Order Under Bankruptcy Code Sections 363(b) and (f) and Bankruptcy Rules 2002 and 6004: (I) Authorizing the Sale of the Debtor's Real Property at 90 Nassau Street, New York, NY to the Highest and Best Bidder at a Public Auction Sale to be Held on June 18, 2025 at 3:00 p.m.; and Approving Related Bid Procedures* [ECF No. 35] (the "Motion"), filed by 90 Nassau Street LLC (the "Nassau Debtor"); and upon the *Order Approving Bidding Procedures for the Sale of the Debtor's Property at 90 Nassau Street, New York, NY With Assumption and Assignment of Existing Leases and Otherwise Free and Clear of Liens, Claims, Interests and Non-Permitted Encumbrances* (ECF No. 46) (the "Bidding Procedures Order")[1]; and Bernart Capital LLC ("BC"), an affiliate of New Aim Realty LLC, having been deemed the high bidder in accordance with the Bidding Procedures Order; and no other Qualified Bids having been received for the purchase of the Property; and the Nassau Debtor having filed the *Declaration of Kevin J. Nash Regarding Bidding Results and Marketing Efforts* on June 23, 2025 [ECF No. 54] (the "Nash Declaration"); and having considered the declaration

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Order and the Bidding Procedures, as applicable.

submitted by Ira Lifshutz on June 23, 2025 [ECF No. 58] (the "Lifshutz Declaration"); and a hearing on the Motion having first been held on June 25, 2025, and then continued to July 8, 2025 (the "Sale Hearing"), to consider the relief requested in the Motion and the approval of the sale of the Property (the "Sale"); and this Court having determined at the Sale Hearing that BC (the "Purchaser"), made the highest and best bid for the Property in the amount of $10,250,000 (the "Purchase Price") pursuant to that certain asset purchase agreement (the "APA") submitted by the Purchaser dated as of []; and appearances of all interested parties having been noted on the record of the Sale Hearing; and upon all of the proceedings before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A. <u>Jurisdiction</u>. This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. Approval of the Debtor's entry into the APA and the Sale of the Property contemplated thereunder is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (N) and (O).

B. <u>Venue</u>. Venue of this chapter 11 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

C. <u>Notice</u>. Proper, timely, adequate and sufficient notice of the Motion and the Sale Hearing has been provided in accordance with the Bidding Procedures Order, including by publication of the Auction on June 4, 2025, and June 11, 2025, in the New York Times as set forth in the Nash Declaration [ECF No. 54]. The foregoing notice was good, sufficient and appropriate

---

[2] The findings of fact and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

under the circumstances, and no other or further notice of the Motion, the Sale Hearing, the APA or the Sale is required.

D.      Property of the Estate.  The Property constitutes property of the Nassau Debtor's estate and title thereto is vested in the Nassau Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code.

E.      Sound Business Purpose. The Nassau Debtor has demonstrated that its entry into the APA is supported by good, sufficient and sound business reasons. The Sale of the Property will maximize the value of the Nassau Debtor's estate and represents a reasonable exercise of the Nassau Debtor's sound business judgment. The APA constitutes the highest and best offer for the Property, and pursuant to the terms and conditions of the APA, the Nassau Debtor has agreed to transfer to Purchaser all of the Debtor's right, title and interest in and to, the Property subject to existing leases but free and clear of all liens, claims, interests and non-permitted encumbrances.

F.      Marketing Process. As demonstrated by the Nash Declaration, the Nassau Debtor and its advisors marketed the Property and conducted the marketing and sale process as set forth in and in accordance with the Motion and the Bidding Procedures Order.

G.      Good Faith.  The Purchaser is not an "insider" or "affiliate" of any of the Nassau Debtor as those terms are defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, directors, managers, or controlling stockholders existed between the Nassau Debtor and the Purchaser. Purchaser is purchasing the Property, in accordance with the APA, in good faith and on an arm's-length basis and is a good-faith purchaser under section 363(m) of the Bankruptcy Code, as confirmed by the Lifshutz Declaration [ECF No. 58], and, as such, is entitled to all of the protections afforded thereby.

H. <u>No Collusion</u>. Neither the Nassau Debtor nor the Purchaser has engaged in any conduct that would cause or permit the APA or the consummation of the Sale to be avoided, or costs or damages to be imposed under section 363(n) of the Bankruptcy Code, and accordingly neither the Nassau Debtor nor the Purchaser has violated section 363(n) of the Bankruptcy Code by any action or inaction. Specifically, the Purchaser has not acted in a collusive manner with any entity and the Purchase Price paid by the Purchaser for the Property was not controlled by any agreement among potential bidders. The Sale under the APA may not be avoided, and no damages may be assessed against the Purchaser or any other party under section 363(n) of the Bankruptcy Code or any other applicable bankruptcy or non-bankruptcy law.

I. <u>Court Approval Required</u>. Entry of an Order approving and authorizing the Nassau Debtor's entry into the APA and the Nassau Debtor's performance of all the provisions thereof is a necessary condition precedent to the Purchaser's consummation of the Sale.

J. <u>Sale Free and Clear</u>. Pursuant to 11 U.S.C. §363(b) and (f), the Nassau Debtor's right, title and interest in and to the Property (except for cash, cash equivalents, accounts receivable and all pre-closing accrued rents) shall be conveyed free and clear of all liens, claims (as that term is defined in section 101(5) of the Bankruptcy Code), taxes, interests and encumbrances, except for permitted encumbrances under the APA (collectively, the "<u>Claims and Liens</u>"), with all such Claims and Liens to attach to the proceeds of the Sale to the same extent, validity and priority as same existed as to the Property prior to the commencement of the Nassau Debtor's Chapter 11 case.

K. <u>Compliance with the Bidding Procedures</u>. The Nassau Debtor, Purchaser, Consultation Party, and their respective counsel and other advisors have complied with the Bidding Procedures Order, and the Bidding Procedures in all respects. Purchaser submitted a Qualified Bid.

L.  **Assumption and Assignment of Leases**. As part of the Sale, all existing residential and commercial leases relating to the Property (the "Existing Leases") shall be deemed assumed and assigned to the Purchaser, together with existing security deposits, which shall either be delivered to the Purchaser upon the closing of the APA, or which, in the aggregate, shall be a credit to Purchaser at the closing of the APA, and without prejudice to the Nassau Debtor's rights to seek collection of all pre-closing rents. The assumption and assignment of the Existing Leases is in the best interests of the Nassau Debtor and its estate and represents the reasonable exercise of the Nassau Debtor's sound business judgment.

M.  **Closing**. The Closing shall occur no later than August 7, 2025 under the terms of the APA.

N.  **Valid and Binding Contract; Validity of Transfer**. The APA is a valid and binding contract between the Nassau Debtor and Purchaser and shall be enforceable pursuant to its terms. The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), 365(b), and 365(1) of the Bankruptcy Code and all the applicable requirements of such sections have been complied with in respect of the Sale.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion as it pertains to the Sale and the APA is GRANTED as set forth herein.

2.  **Objections**. All objections, reservations of rights regarding, or other responses to the Sale and auction that were not resolved as reflected on the record at the Sale Hearing are overruled on the merits with prejudice.

3.      Notice.  Notice of the Motion, the Sale Hearing, the APA, and the relief granted in this Order was fair, sufficient, proper and equitable under the circumstances and complied in all respects with the Bidding Procedures Order, and other orders of the Court.

4.      Approval of the APA. The APA and the Sale, including, without limitation, all transactions contemplated therein or in connection therewith, and all the terms and conditions thereof, are hereby approved in their entirety, subject to the terms and conditions of this Order.

5.      Consummation of Sale. Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Nassau Debtor is authorized to perform its obligations under and comply with the terms of the APA, pursuant to and in accordance with the terms and conditions of the APA and this Order. The Nassau Debtor, as well as its affiliates, officers, employees and agents, are authorized to execute and deliver, and empowered to perform under, consummate and implement, the APA, under a plan of reorganization or other plan, together with all additional instruments and documents, including such documents that are reasonably necessary for the splitting of the Lender's promissory note (and mortgage, if necessary) for the purpose of effectuating an assignment of the remaining mortgage to BC, that may be reasonably necessary or desirable to implement the APA and the Sale, and to take all further actions and execute such other documents as may be (a) necessary or appropriate to the performance of the obligations contemplated by the APA including, without limitation, making any regulatory filings necessary or advisable in connection with such transfer, and (b) as may be reasonably requested by Purchaser to implement the APA and the Sale, in accordance with the terms thereof, without further order of the Court.  The Purchaser shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its rights or remedies under the APA or any other Sale-related document.  The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent

necessary to implement the preceding sentence and the other provisions of this Order; provided, however, that the Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

6. <u>Transfer of Property Free and Clear</u>. Except as otherwise set forth in this Order, effective as of the consummation of the Sale at Closing, pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code, or section 1123(a)(5) as may become applicable, the Sale of the Property to the Purchaser shall (a) constitute a legal, valid and effective transfer of all of Nassau Debtor's right, title and interest in and to such Property subject to and in accordance with the APA, and (b) vest Purchaser with all of the Nassau Debtor's right, title and interest in and to such Property free and clear of all Claims and Liens.

7. <u>Assumption and Assignment of the Existing Leases</u>. The Nassau Debtor is hereby authorized in accordance with sections 105(a) and 365 of the Bankruptcy Code to assume and assign the Existing Leases to the Purchaser and to execute and deliver to Purchaser such documents or other instruments as may be necessary to assign and transfer the Existing Leases to the Purchaser as provided in the APA. The Nassau Debtor is further authorized and shall deliver to Purchaser upon the closing of the APA all of the security deposits required to be held by Nassau Debtor in accordance with the Existing Leases, or in the alternative, shall provide a credit to the Purchaser in the aggregate amount of such security deposits against the balance of the purchase price to be paid by the Purchaser at the closing of the sale of the Property.

8. <u>Good Faith</u>. The Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to, and is hereby granted, the full rights, benefits, privileges, and protections of section 363(m) of the Bankruptcy Code. The Sale contemplated by the APA is undertaken by the Purchaser without collusion and in good faith, as

that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein shall neither affect the validity of the Sale (including the assumption and assignment of the Existing Leases) nor the transfer of the Property owned by the Nassau Debtor to the Purchaser pursuant to the APA, free and clear of all Claims and Liens.

9. <u>Approval of the Application of Proceeds</u>. The Nassau Debtor is authorized and directed to distribute the consideration received by the Nassau Debtor from the Sale of the Property to the Lender on account of its allowed secured claim pursuant to the terms of the Debtors' Joint Chapter 11 Liquidating Plan of Reorganization [ECF No. 33].

10. <u>Further Assurances</u>. From time to time, as and when requested by any party, each party to the APA shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the transactions contemplated by the APA.

11. <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction with respect to all matters arising from or related to this Order and the APA (and such other related agreements, documents, or other instruments) and to interpret, implement, and enforce the terms of this Order and APA.



Dated: July 11, 2025
Brooklyn, New York

_____
Nancy Hershey Lord
United States Bankruptcy Judge