| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Hearing Date and Time:<br>October 21, 2025 at 11:30 a.m. |

---------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| ZRG, Inc., | Case No. 25-40464-NHL |
| 90 Nassau Street LLC, | Case No. 25-41126-NHL |
| 385 Greenwich Street LLC, | Case No. 25-41127-NHL |
|                       Debtors. | Jointly Administered |

---------------------------------------------------------------x

## NOTICE OF HEARING TO CONSIDER DEBTORS' POST-CONFIRMATION OMNIBUS OBJECTION TO VARIOUS CLAIMS

      PLEASE TAKE NOTICE, that upon the annexed omnibus objection, ZRG, Inc. ("ZRG"), 90 Nassau Street LLC (the "90 Nassau") and 385 Greenwich Street LLC (the "385 Greenwich" and, collectively, the "Debtors"), the undersigned shall move before the Honorable Nancy Hershey Lord on October 21, 2025 at 11:30 a.m. (the "Hearing") for an Order seeking to disallow, expunge and/or reclassify: (i) all claims filed by Strivers Management Group Corp. [**Claim No. 5-1** on ZRG's claims register, **Claim No. 6-1** on 90 Nassau's claims register and **Claim No. 6-1** on 385 Greenwich's claims register], (ii) all claims filed by Daily Maintenance 1 LLC [**Claim No. 4-1** on ZRG's claims register, **Claim No. 5-1** on 90 Nassau's claims register and **Claim No. 5-1** on 385 Greenwich's claims register], (iii) the claim filed by Jones Lang LaSalle Americas, Inc. [**Claim No. 13-1** on 90 Nassau's claims register], (iv) the purported secured claims filed by Core Scaffold Systems Inc. [**Claim No. 6-1** on ZRG's claims register and **Claim No. 8-1** on 90 Nassau's claims register], (v) the claims filed by the New York City Department of Finance [**Claim No. 1-1** on 90 Nassau's claims register and **Claim No. 1-1** on 385 Greenwich's claims register], (vi) the claims filed by NYC ECB OATH [**Claim No. 3-1** on 90 Nassau's claims register and **Claim No. 4-1** on 385 Greenwich's claims register], (vii) the claim filed by the Consolidated Edison Company of New York, Inc ("ConEd") [**Claim No. 1-1** on ZRG's claims register], and (viii) the claim filed by the Internal Revenue Service [**Claim No. 3-2** on ZRG's claims register].

      PLEASE TAKE FURTHER NOTICE that the Hearing shall not be held in person but shall be held telephonically or by video using the Webex platform. Those intending to appear at the Hearing must register with eCourt Appearances no later than two days prior to the Hearing. The phone number or video link for the Hearing will be emailed only to those that register with eCourt Appearances in advance of the Hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Nancy Hershey Lord's courtroom deputy for instructions at (347) 394-1854, NHL_Hearings@nyeb.uscourts.gov.

      PLEASE TAKE FURTHER NOTICE, that objections, if any, to the relief requested shall be filed in writing with the Clerk of the Bankruptcy Court through the Bankruptcy Court's electronic case filing system and served on the undersigned on or before October 14, 2025.

Dated: New York, New York
       September 8, 2025

    Goldberg Weprin Finkel Goldstein LLP
    *Attorneys for the Debtors*
    125 Park Avenue, 12th Floor
    New York, New York 10017

    By:   /s/ *Kevin J. Nash, Esq.*

TO:

| | |
|---|---|
| Strivers Management Group Corp.<br>733 Third Ave<br>14th Floor<br>New York, NY 10017<br>agottesman@rosenbergestis.com | NYC ECB OATH<br>66 John Street<br>11th Floor<br>New York, NY 10038 |
| Daily Maintenance 1 LLC<br>733 Third Ave<br>14th Floor<br>New York, NY 10017<br>agottesman@rosenbergestis.com | Consolidated Edison Company of New York, Inc<br>Bankruptcy / EAG Group<br>4 Irving Place 9th Floor<br>New York, NY 10003 |
| Jones Lang LaSalle Americas, Inc.<br>c/o Jeremy C. Kleinman<br>Burke, Warren, MacKay & Serritella, P.C.<br>330 North Wabash Ave., Suite 2100<br>Chicago, IL 60611-3607<br>jkleinman@burkelaw.com | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346<br>veronica.s.sorrell@irs.gov<br>Justin.Kirschner@usdoj.gov |
| Core Scaffold Systems Inc.<br>417 Myrtle Avenue, Suite 14<br>Brooklyn, NY 11205<br>pkutil@king−king−law.com | Corporation Counsel of the City of New York<br>Attn: Zachary Kass, Esq.<br>Assistant Corp Counsel<br>100 Church Street, Room 5-238<br>New York, New York 10007<br>zkass@law.nyc.gov |
| New York City Dept of Finance<br>Office of Legal Affairs<br>Collections Unit-RPT Taxes<br>375 Pearl Street, 30th fl<br>New York, NY 10038<br>seremetisv@finance.nyc.gov | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                              Chapter 11

ZRG, Inc.,                                          Case No. 25-40464-NHL
90 Nassau Street LLC,                               Case No. 25-41126-NHL
385 Greenwich Street LLC,                           Case No. 25-41127-NHL

                    Debtors.                        Jointly Administered
-------------------------------------------------------------x

# DEBTORS' POST-CONFIRMATION OMNIBUS OBJECTION TO VARIOUS CLAIMS

ZRG, Inc. ("ZRG"), 90 Nassau Street LLC (the "90 Nassau") and 385 Greenwich Street LLC (the "385 Greenwich" and, collectively, the "Debtors"), by and through their attorneys Goldberg Weprin Finkel Goldstein LLP, hereby file this Post-Confirmation Omnibus Objection (the "Omnibus Objection") seeking to disallow, expunge and/or reclassify the following claims: (i) all claims filed by Strivers Management Group Corp. ("Strivers") [**Claim No. 5-1** on ZRG's claims register, **Claim No. 6-1** on 90 Nassau's claims register and **Claim No. 6-1** on 385 Greenwich's claims register], (ii) all claims filed by Daily Maintenance 1 LLC ("Daily Maintenance" and, together with Strivers, the "Management Companies") [**Claim No. 4-1** on ZRG's claims register, **Claim No. 5-1** on 90 Nassau's claims register and **Claim No. 5-1** on 385 Greenwich's claims register], (iii) the claim filed by Jones Lang LaSalle Americas, Inc. ("JLL") [**Claim No. 13-1** on 90 Nassau's claims register], (iv) the purported secured claims filed by Core Scaffold Systems Inc. ("Core Scaffold") [**Claim No. 6-1** on ZRG's claims register and **Claim No. 8-1** on 90 Nassau's claims register], (v) the claims filed by the New York City Department of Finance (the "NYC DOF") [**Claim No. 1-1** on 90 Nassau's claims register and **Claim No. 1-1** on 385 Greenwich's claims register], (vi) the claims filed by NYC ECB OATH ("OATH" and, together with NYC DOF, "NYC") [**Claim No. 3-1** on 90 Nassau's claims register and **Claim No.

1

**4-1** on 385 Greenwich's claims register], (vii) the claim filed by the Consolidated Edison Company of New York, Inc ("ConEd") [**Claim No. 1-1** on ZRG's claims register], and (viii) the claim filed by the Internal Revenue Service (the "IRS") [**Claim No. 3-2** on ZRG's claims register].  In support of this Omnibus Objection, the Debtors respectfully allege as follows

### Background

1. ZRG filed a Chapter 11 petition on January 29, 2025 and remained in possession of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108 pending confirmation of the Debtors' Joint Chapter 11 Liquidating Plan of Reorganization dated May 16, 2025 [ECF No. 33] as amended and supplemented by the Debtors' Second Plan Supplement [ECF No. 80] (the "Plan").

2. ZRG is a mezzanine holding company owning the 100% membership interests of 90 Nassau and 385 Greenwich.  At the time of bankruptcy, these Debtors, in turn, owned two separate commercial buildings in Manhattan located at 90 Nassau Street, New York, NY (the "Nassau Property") and 385 Greenwich Street, New York, NY, respectively (the "Greenwich Property", and, collectively, the "Properties").

3. On March 6, 2025, 90 Nassau and 385 Greenwich filed separate Chapter 11 petitions and thereafter utilized the provisions of the Bankruptcy Code to conduct auction sales of their respective properties pursuant to the Plan.  The respective sales closed on July 25, 2025 and August 8, 2025.

4. The Debtor's senior lender, Ladder CRE Finance REIT Inc. (the "Lender") has been paid in full in the stipulated amount of $17,800,000 from the proceeds of sale [*See* ECF No. 90].  Following the closings, the Debtors made their final review and reconciliation of all claims and outstanding liabilities in the bankruptcy cases, and this Omnibus Objection follows.

**All Claims of Strivers and Daily Maintenance**

5. Prior to bankruptcy, the Properties were managed by the Management Companies, which filed proofs of claim against each of the Debtors. The Management Companies assert unpaid management fees of $15,674.25 and $13,591.18, respectively. The Debtors object to any additional payments to the Management Companies upon the ground that the residual services purportedly performed were inadequate and did not serve any material or other benefit to the Properties or the Debtors' respective estates. Indeed, significant rent arrears concerning the Greenwich Property were permitted to accrue without the Management Companies taking any meaningful collection actions. Moreover, the reporting by the Management Companies was delayed and incomplete. In view of the foregoing, all claims filed by the Management Companies should be expunged, which are largely duplicative in any event.

**Claims of JLL**

6. Prior to bankruptcy, JLL rendered certain brokerage services for 90 Nassau and was the purported broker for the pre-petition sale contract with New Aim Realty, LLC ("New Aim"). JLL's alleged brokerage agreement apparently expired on April 17, 2024, almost a year prior to the commencement of bankruptcy proceedings by the Debtors. While JLL alleges it procured a pre-petition contract with New Aim, it should be noted that this sale contract never closed and was in fact terminated pursuant to Order of the Bankruptcy Court dated July 11, 2025 [ECF No 85]. The Debtors never retained JLL as a broker on a post-petition basis. Accordingly, the claim of JLL should be expunged since there was no closing under the terminated pre-petition sale contract.

**Core Scaffold**

7. Core Scaffold filed purported partially secured proofs of claim in the total sum of $21,303.48 based upon the filing of a mechanic's lien against the Nassau Property. The total claim

of Core Scaffold is in the sum of $42,940.84, which is not documented and contains a curious reference to "previous invoices" in the amount of $30,062.16. The invoicing is not attached to the proofs of claim, and thus, the claims lacks sufficient substantiation and documentation. Even if Core Scaffold is legitimately owed a balance, its claim is fully unsecured since the mortgage debt exceeded the value of the Nassau Property. Thus, Core Scaffold's claim should be fully reclassified as an unsecured claim in whatever amount that may be allowed.

### The Claims of NYC

8. All the secured claims of NYC DOF for real estate taxes and water charges were paid in full at the respective closings on the sales of the Properties, except for certain monies held in escrow relating to disputed water charges, which are subject to a separate objection [ECF No. 91]. For purposes of this Omnibus Objection, the claims of NYC DOF for any real estate taxes and associated charges should be expunged, while the claims of OATH for unpaid summonses and penalties in the amounts of $59,961.36 (against 90 Nassau) should be reclassified as a general unsecured claim. OATH's claim against 385 Greenwich should be expunged as it was paid from the proceeds of the sale of the Greenwich Property.

### Miscellaneous Claims

9. The IRS filed an amended estimated proof of claim against ZRG in the sum of $8,193.24, while reserving the right to file an amended claim once ZRG files the relevant returns. ZRG has since filed the outstanding tax returns [ECF No. 78]. Accordingly, the Debtors object to the IRS's proof of claim to the extent it is for estimated taxes and reserve the right to object to any further amended claims the IRS may file.

10. Finally, ConEd filed a proof of claim in the sum of $51,230.83 against ZRG but did not file any claims against 90 Nassau or 385 Greenwich. ConEd was paid $710.03 at the closing

on the sale of the Greenwich Property. ConEd's remaining claim appears to be based upon alleged charges relating to the Nassau Property. Given the final reading of $710.03 for the Greenwich Property, the proof of claim filed by ConEd, close to 100 times that amount, appears inflated and should be disallowed regardless of the lack of filing against 90 Nassau, which is reason alone to expunge the claim.

**Relief Requested**

11. The Debtors seek entry of an Order addressing the above-referenced claims in accordance with 11 U.S.C. §§ 105 and 502 and Bankruptcy Rules 3001 and 3007.

WHEREFORE, the Debtors hereby request that this Court grant relief consistent herewith, reclassifying or disallowing and expunging the claims referenced above.

Dated: New York, New York
September 8, 2025

    Goldberg Weprin Finkel Goldstein, LLP
    *Attorneys for the Debtors*
    125 Park Avenue, 12th Floor
    New York, New York 10017
    (212) 221-5700

    By:   /s/ *Kevin J. Nash, Esq.*